John F. FINNEGAN, III,
Plaintiff–Appellant,

v.

UNIVERSITY OF ROCHESTER MEDICAL CENTER, a/k/a Strong Memorial Hospital, and Robert Gross, M.D., Defendants–Appellees,

**Walid A. NASSIF, M.D., Defendant.**

**Docket No. 01–7873.**

United States Court of Appeals,
Second Circuit.

May 14, 2002.

Trevor M. Fuller, The Fuller Law Firm, Charlotte, NC, for Appellant.

Daniel P. Purcell, Ward Norris Heller & Reidy, Rochester, NY, for Appellees.

Present FEINBERG, KEARSE and CARDAMONE, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed substantially for the reasons stated in Magistrate Judge Bauer's Decision & Order dated June 26, 2001.

Under New York law, where the plaintiff in a malpractice action fails to present expert testimony as to, *inter alia,* negligence, the defendant is normally entitled to judgment as a matter of law. *See, e.g., Sitts v. United States,* 811 F.2d 736, 739–40 (2d Cir.1987). The magistrate judge correctly applied this principle in determining that defendants were entitled to summary judgment in light of plaintiff's failure to proffer evidence from a medical expert as to the standard of care prevailing in the medical community. *See, e.g., McDonnell v. County of Nassau,* 129 Misc.2d 228, 229, 233, 492 N.Y.S.2d 699, 700, 702 (Sup.Ct.Nas.Co.1985) (answering the question "is a licensed psychologist competent to testify as an expert witness in a medical malpractice action against a psychiatrist and/or hospital where the issue is the alleged departure from good and accepted medical and/or psychiatric practice?" in the negative: "[W]here a medical discipline is in issue, a non-medical person cannot be permitted to offer testimony to a jury to establish what the proper medical and/or psychiatric standard of care was in this case and what, if any, departures from that standard of care were committed by the defendants."). Plaintiff's reliance on cases such as *Korek v. United States,* 734 F.2d 923 (2d Cir.1984), and *Karasik v. Bird,* 98 A.D.2d 359, 470 N.Y.S.2d 605 (1st Dep't 1984), is misplaced. In *Karasik,* the testimony by the nonmedical expert went to whether the chemicals in question could have caused the plaintiff's injury, not to the standard of care in the medical community and to whether the defendant deviated from it. *See id.* at 363, 470 N.Y.S.2d at 608. And in *Korek,* the defendant had conceded negligence. *See* 734 F.2d at 924.

We have considered all of plaintiff's contentions on this appeal, including those with regard to pretrial discovery, and have found in them no basis for reversal. The judgment of the district court is affirmed.